**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SINDY MEJIA, Individually and as Mother and Next Friend of DIEGO MEJIA, a minor, ) ) ) ) Plaintiff, ) ) v. ) ) CATHOLIC CHARITIES OF THE ) ARCHDIOCESE OF CHICAGO, ) ) Defendant. ) | Case No. 14 cv 08051 Judge Robert M. Dow, Jr. |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sindy Mejia brings this suit individually and on behalf of her son, Diego Mejia, against her former employer, Defendant Catholic Charities of the Archdiocese of Chicago. She brings claims of pregnancy discrimination, gender discrimination, retaliation, and intentional infliction of emotional distress on behalf of herself. She also brings a Family Expense Act claim under 750 ILCS 6/515 and a negligence claim on behalf of her son, who she contends suffered health complications due to her work-related stress and heavy lifting. Before the Court is Defendant's motion to dismiss [28] Plaintiff's state claims brought on behalf of her son. For the reasons set forth below, the Court denies Defendant's motion.

**I.     Background[1]**

Plaintiff began working for Defendant in March 2012. A few months later, she informed her supervisor, Sandra Villwock, that she was twelve weeks pregnant with her first child and that her physician had diagnosed her with a high-risk pregnancy. Plaintiff further informed Villwock

---

[1] For the purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

that her body was not strong enough to withstand the pregnancy and that several near-miscarriages had caused her to visit the emergency room multiple times in the preceding weeks. Shortly afterward, Defendant demoted Plaintiff from Office Manager/Billing Coordinator to Program Assistant. It also changed her job duties to include manual labor, such as vacuuming, moving filing cabinets, moving paper shredding bins, carrying boxes and old files, and cleaning carpets using a scrub brush on her hands and knees.

After a stressful discussion with Villwock about these changes, Plaintiff suffered an anxiety attack at work, which her doctor attributed to work-related stress. Plaintiff was transported by an ambulance to the OB Triage Department at Rush Hospital, where she was administered injections to prevent premature labor and placed on bed rest. Plaintiff soon after delivered her son prematurely. As a result of his premature birth and health complications, he was placed in the intensive care unit for almost two weeks. He now suffers from developmental delays placing him four to five months behind his same-aged peers.

Counts I, II, and III allege pregnancy discrimination, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978. Count IV alleges intentional infliction of emotional distress against Plaintiff. Counts V and VI respectively bring a Family Expense Act claim and a negligence claim on behalf of Plaintiff's son.

## II.     Legal Standard

Defendant moves to dismiss the state law claims brought on behalf of Plaintiff's son (Counts V and VI) under 28 U.S.C. § 1367. Generally, district courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United

States Constitution." 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if it "raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1); see also *Hansen v. Bd. of Trustees of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 608 (7th Cir. 2008) ("While a district court *may* relinquish its supplemental jurisdiction if one of the conditions of § 1367(c) is satisfied, it is not required to do so."). In deciding whether to retain jurisdiction pursuant to the factors set forth in § 1367(c) a court "'should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Hansen*, 551 F.3d at 608 (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)).

**III. Analysis**

Defendant moves under § 1367(c)(1) to dismiss Plaintiff's Family Expense Act claim and the negligence claim brought on behalf of her son. According to Defendant, both claims turn on the same novel and complex issue of state law: whether an employer owes an employee's unborn child a duty of care. The Court is not persuaded that dismissal is appropriate at this time.

To begin with, the Illinois Supreme Court has offered considerable guidance on this legal question. In *Amann v. Faidy*, 114 N.E.2d 412 (Ill. 1953), the Supreme Court held that "a viable child, who suffered prenatal injuries and was thereafter born alive, has a right of action against the defendant whose alleged negligence caused the injuries." *Amann*, 114 N.E.2d at 417-18 (finding that a viable infant who allegedly suffered prenatal injuries due to a defendant's negligent driving had a right of action against the driver). In *Renslow v. Mennonite Hosp.*, 367 N.E.2d 1250 (Ill. 1977), the Court reiterated "that there is a right to be born free from prenatal injuries foreseeably caused by a breach of duty to the child's mother," rejecting a viability requirement. *Renslow*, 367 N.E.2d at 1255 (finding that an infant had a cause of action against a

3

hospital and physician for negligently transfusing her mother and thereby injuring the child, born eight years later). While neither case involves identical facts, they do provide sufficient instruction to convince the Court not to stand down on comity grounds at this early stage of the case. The Court therefore declines to dismiss Plaintiff's state law claims on the ground they present novel or complex issues of state law.

Furthermore, dismissal would undermine judicial economy. See *Hansen*, 551 F.3d at 608 (citing judicial economy as a factor a federal court should consider in deciding whether to dismiss state law claims under§ 1367(c)). Plaintiff's federal and state claims involve common questions of fact—in particular, whether Defendant required Plaintiff to engage in manual labor causing stress, physical strain, and premature delivery. To the extent that dismissal could cause Plaintiff to refile her Illinois claims in state court, it could cause redundant litigation of these facts and needlessly increase costs. Because the legal questions under Illinois law do not appear to be so novel or complex as to outweigh these efficiency concerns, the Court denies Defendant's motion.[2]

## V.  Conclusion

For the reasons stated above, the Court denies Defendant's motion.

Dated: July 21, 2015

_____
Robert M. Dow, Jr.
United States District Judge

---

[2] Of course, should the Court later determine that dismissal of Plaintiff's federal claims is appropriate, it likely will follow the ordinary practice in this Circuit and dismiss the state law claims without prejudice to being refiled in state court. See, *e.g.*, *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

4